# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARIN ELENA CAUSBIE GULLERS,<br><br>  Petitioner,<br>vs.<br><br>RAUL DAVID BEJARANO, United States Marshal for the Southern District of California,<br><br>  Respondent. | CASE NO. 06 CV 1659 JM (AJB)<br><br>**ORDER DENYING MOTION SEEKING BAIL PENDING EXTRADITION/HABEAS PROCEEDINGS**<br><br>Doc. No. 16 |

Pending before this court is a motion for bail by Petitioner Karin Elena Causbie Gullers ("Causbie"), who is currently incarcerated and awaiting extradition to Mexico. Petitioner requests bail in the amount of a $20,000 cash bond. (Doc. No. 16.) The matter was taken under submission by the court following oral argument on January 12, 2009. After a review of the papers submitted by the parties, the arguments made at the hearing, and the applicable authorities, the court **DENIES** Petitioner's motion for bail.

//

## I. Factual and Procedural Background

On March 27, 2006, the U.S. Attorney's Office filed a Complaint for Extradition against Causbie on behalf of Mexico, where she faces fraud charges stemming from an investment scheme to defraud American and Canadian retirees of over $700,000. (Doc. No. 16-2 at 2, Doc. No. 1 at 3-4.)

1  On March 29, 2006, Petitioner, a citizen of Mexico, the United States, and Sweden, was arrested at
2  the San Diego airport while en route to her home in Sweden. (Doc. No. 20 at 2.) On July 20, 2006,
3  Magistrate Judge Battaglia certified Causbie for extradition. (Case No. 06mj0603-AJB at Clerk's
4  Record "CR" 16.) Causbie filed a petition for writ of habeas corpus pursuant to 28 U.S.C § 2241,
5  which was denied by this court on January 8, 2007. (Doc. Nos. 1 and 9.) Causbie then appealed to
6  the Court of Appeals for the Ninth Circuit (Case No. 07-55137). On September 16, 2008, the Ninth
7  Circuit remanded the case for additional findings on whether the prosecution would be barred for lapse
8  of the applicable statute of limitations under Mexican law. (Doc. No. 24.) Following the Ninth Circuit
9  remand, the mandate was spread by this court and a review of the merits was set for hearing March
10 6, 2009. (Doc. No. 18.)

11 Petitioner now moves for release on bail pending the extradition hearing. In her motion,
12 Petitioner argues her case presents "special circumstances" which warrant her release on bail and she
13 poses no flight risk. (Doc. No. 16-2 at 3.) The government opposes the motion. (Doc. No. 20.)
14 //

15 **II. Discussion**
16 **A. Legal Standards**

17 Based on the government's strong interest in upholding its obligations under extradition
18 treaties and the lack of an applicable bail statute, federal courts have developed case law establishing
19 a presumption against bail in international extradition cases. Wright v. Henkel, 190 U.S. 40, 63
20 (1903); Salerno v. U.S., 878 F.2d 317, 317 (9th Cir. 1989). A potential extraditee may overcome the
21 presumption by presenting clear and convincing evidence to show: 1) "special circumstances" justify
22 his release; and 2) he is not a flight risk or a danger to the community. In re Extradition of Mainero,
23 950 F.Supp. 290, 294 (S.D.Cal. 1996); Salerno, 878 F.2d at 317; In re Extradition of Nacif-Borge, 829
24 F.Supp. 1210, 1215 (D.Nev.1993).

25 The "special circumstances" exception "should be exercised only in the most pressing
26 circumstances, and when the requirements of justice are absolutely peremptory." In re Mitchell, 171
27 F. 289, 290 (S.D.N.Y. 1909). "Special circumstances must be extraordinary and not factors applicable
28 to all defendants facing extradition." Mainero, 950 F.Supp. at 294 (citing In re Extradition of Smyth,

1 | 976 F.2d 1535, 1535-36 (9th Cir.1992)).  The contours of the "special circumstances" standard have
2 | not been defined by the courts, but rather are addressed on a case-by-case basis.  For example, the
3 | Ninth Circuit has held special circumstances may include "the raising of substantial claims upon
4 | which the appellant has a high probability of success, a serious deterioration of health while
5 | incarcerated, and unusual delay in the appeal process."  Salerno, 878 F.3d at 317.
6 | //

**B. Analysis**

    **1. Special Circumstances**

Petitioner contends her case satisfies the "special circumstances" standard because she has faced lengthy delays in the legal proceedings and has demonstrated a "high probability of success" on the merits.

    *a. Unusual Delay*

Petitioner cites to several cases in support of her argument that her 32-month incarceration poses an unusual delay which warrants her release on bail.  However, in each case, the delay was factually distinguishable and one of only several unusual factors relied on by the courts.

Petitioner first looks to In re Requested Extradition of Kirby, 106 F.3d 855 (9th Cir. 1996), in which the Ninth Circuit upheld a decision to release on bail three potential extraditees who had escaped from Maze Prison in Belfast, Northern Ireland.  Id. at 857.  Two issues factually distinguish Kirby from the present case.  First, the Kirby extraditees were granted bail in part because of lengthy delays which occurred prior to any bail or extradition hearings.  Id. at 863.  In contrast, Petitioner's extradition hearings were held in a timely fashion, less than months after her arrest, and her long-term incarceration has been caused primarily by the lengthy writ and appeal process.  Second, in Kirby, the Ninth Circuit found the "highly probable lengthy delays thereafter" for extradition proceedings and associated appeals, *along with* the pre-hearing delays, were appropriately considered by the district court.  Id. at 863.  Notably, delay was only one of *several* "factors" supporting the lower court's finding of "special circumstances," which also included a grant of bail to a similarly situated extraditee and a pending constitutional challenge to the extradition statute.  Id. at 863-64.  The Kirby court focused instead on "the unusual character" of the applicants' cases which shored up the

1  "weaknesses of the 'special circumstances' on which the district court relied." Id. at 863, 864. In the
2  Court's words, the applicants were "not ordinary potential extraditees" – rather, they had fled religious
3  persecution in Northern Ireland, an issue of great importance to citizens of the United States. Id. at
4  865. Petitioner, charged in Mexico for fraud against elderly retirees, fails to engender the sympathies
5  relied on in Kirby.

6  Petitioner looks to In re Extradition of Santos, 473 F.Supp.2d 1030 (C.D. Cal. 2006), and In
7  re Extradition of Morales, 906 F.Supp. 1368 (S.D. Cal. 1995), for the proposition that a seven-month
8  delay constitutes a "special circumstance" warranting bail. Petitioner again overlooks the factual
9  distinctions between those cases and her own.

10  In Santos, the arrestee was granted release on bail pending his extradition hearing after a
11  seven-month pre-hearing delay. Santos, 473 F.Supp.2d at 1032. However, the Santos pre-hearing
12  delays were caused solely by the "highly unusual and problematic" circumstances of the case, in
13  which the two underlying arrest warrants had been invalidated in Mexican courts for failure to
14  establish probable cause. Id. The validity of the second warrant was the subject a potentially lengthy
15  appeal process in Mexico. Id. at 1037. The trial court determined, "conducting an extradition hearing
16  before a final disposition of these questions" in Mexico would force a "complex and time-consuming"
17  habeas review based on an intervening resolution of the issues under Mexican law. Id. Such
18  circumstances were "wholly absent in a run-of-the mill extradition case" and would "cause further
19  unpredictable and (potentially lengthy) delays" before a viable extradition hearing could be held. Id.
20  at 1038. Such unusual and unpredictable circumstances are not present in Petitioner's case.

21  Petitioner's reliance on Morales is similarly misplaced. Like in Santos, the delay at issue was
22  caused not by a protracted appeals process but rather by two unusual situations. First, the sitting
23  magistrate judge recused himself after several months' briefing without issuing a ruling. Morales, 906
24  F.Supp. at 1374. The case then faced an unavoidable delay while the newly assigned court reviewed
25  the transcripts and briefs in order to rule on the matter. Id. at 1374-75. In addition, although the court
26  had put the government on notice early in the proceedings about deficiencies in the complaint, the
27  government waited to file a new complaint based on a separate charge until the court ordered the first
28  one dismissed. Id. at 1375. The new complaint essentially re-initiated the whole process while raising

1  new factual and legal issues. <u>Id.</u> at 1375.  Even worse, the new complaint had not yet been backed
2  by a Formal Request for Extradition, a defect the Mexican authorities had another 60 days to correct.
3  <u>Id.</u>  Thus, the court found Morales was "further away from a resolution of the question of his
4  extraditability than he was at the time of his arrest." <u>Id.</u>  With these unusual circumstances, coupled
5  with the availability of bail in Mexico for the stated offense, the court granted Morales's release. <u>Id.</u>
6  at 1377.  As stated above, Petitioner's case involves a lengthy, but typical, appeals process, and the
7  "delays" have not been caused by any "special circumstances."  While issues of international law may
8  be difficult to resolve, such issues are present in nearly all extradition cases.  The "normal passage of
9  time inherent in the litigation process" fails to qualify as a "special circumstance." <u>U.S. v. Ramnath</u>,
10 533 F.Supp.2d 662, 676 (E.D. Tex. 2008).

11     In sum, Petitioner has failed to show how her extradition process has involved any *unusual*
12 delay.

13        *b.  High Probability of Success*

14     Petitioner appears to argue she has a high probability of success on the merits, one of the
15 sample factors mentioned in <u>Salerno</u>.  <u>Salerno</u>, 878 F.2d at 317.  Rather than working to demonstrate
16 a high probability, Petitioner simply alleges, in conclusory fashion, "the government's probability of
17 success is unclear."  (Doc. No. 16-2 at 5.)  Petitioner erroneously relies on dicta from <u>Santos</u> for this
18 lesser standard.  In <u>Santos</u>, the court concluded "the government's probability of success [is]
19 sufficiently unclear that it constitutes a special circumstance warranting Santos's release on bail."
20 <u>Santos</u>, 473 F.Supp.2d at 1040.  Despite the court's choice of words, it is clear from a detailed reading
21 the <u>Santos</u> court did not intend to lessen the required showing for success on the merits.  Under
22 <u>Salerno</u>, Petitioner must show a "high probability of success" and not merely uncertainty about the
23 government's chances of prevailing.

24     Petitioner goes further afield in her reply, citing <u>U.S. v. Chapman</u>, 459 F.Supp.2d 1024 (D. Hi.
25 2006), for the idea that the "Ninth Circuit has retreated from the 'special circumstances' determination
26 referring to the 'diminishing importance' and 'secondary' nature of the...inquiry."  However, the court
27 in <u>Chapman</u>, looking to <u>Kirby</u>, erroneously concluded the "weaknesses of the 'special circumstances'
28 upon which the district court relied" adequately supported the grant of bail.  However, as discussed

above, the Ninth Circuit's analysis in Kirby affirmed the bail decision *notwithstanding* those weaknesses since other, more unusual, factors were in play.

Here, the Ninth Circuit remanded for consideration of the applicable Mexican statute of limitations. At this stage, neither party has offered substantive arguments on this issue and the court cannot conclude Petitioner has demonstrated a high probability of success on the merits.

### *c. Other Considerations*

Petitioner provides no other facts showing unusual circumstances apply to her case. In addition, although neither party addresses the issue, the merits hearing is scheduled for March 6, less than eight weeks after the bond hearing. The benefits of release for such a short period would be minimal and militate against release on bail.

**2. Flight Risk**

Addressing the second element in the bail analysis, Petitioner argues she is not a flight risk. On this issue, courts look to the factors described in 18 U.S.C. § 3142(g) to "determine whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person or the community...." Santos, 473 F.Supp.2d at 1040. Such factors include the nature and circumstances of the charged offense, history of drug or alcohol abuse, prior criminal convictions, evidence of attempts to avoid arrest, family and community ties, and potential for harm to others. 18 U.S.C. § 3142(g). Petitioner points to her age (40), position (mother of two daughters), lack of criminal history, professional ties to San Diego, and voluntary presence in the U.S. (Doc. No. 16-2 at 6.) In addition, Petitioner offers to submit to restrictive conditions of release, including wearing a GPS monitoring device and residing at a local halfway house. (Doc. No. 16-2 at 7.) Petitioner also suggests her international travel would be restricted because her passport has been taken by U.S. authorities. (Doc. No. 16-2 at 7.)

The government argues in opposition that Petitioner is a flight risk with no ties to this area. She resides (as do her children) in Sweden, and allegedly fled Mexico to avoid facing the present charges. (Doc. No. 20 at 10.) The government contends Petitioner has worked further fraud while in prison by attempting to pass off a fraudulent document reporting the charges in Mexico had been dropped. (Doc. No. 20 at 10.) Regardless of the truth of this allegation, the court recognizes

1  Petitioner holds passports from the U.S., Sweden, and Mexico.  Even though U.S. authorities
2  confiscated one passport, Petitioner could attempt to travel using one of the others.  Under these
3  circumstances, the court concludes Causbie presents a flight risk.
4  //

### III.  Conclusion

For the reasons set forth above, the court hereby DENIES Petitioner's motion for bail pending extradition proceedings.  (Doc. No. 16.)

**IT IS SO ORDERED.**

DATED:  February 2, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge